UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC DeCURTIS HARRIS,

           Petitioner,         Case No. 2:16-cv-14399
                                           Hon. Arthur J. Tarnow

v.

DUNCAN MACLAREN,

           Respondent.
_____/

**ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner, Isaac DeCurtis Harris, filed this petition for a writ of habeas corpus challenging his Lenawee Circuit Court convictions of armed robbery, carrying a weapon with unlawful intent, and possessing a firearm during the commission of a felony. Dkt. 1, at 14, 26. Because Petitioner previously filed habeas petitions challenging these convictions, this case will be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) on the grounds that this Court does not have jurisdiction absent an order of authorization to consider this successive habeas petition from that Court.

I. Discussion

Petitioner's current habeas petition alleges that: (1) a police officer arrested him without probable cause, (2) the state magistrate judge erroneously issued a felony warrant, and (3) he was sentenced as a habitual offender without receiving notice of the enhancement.

Petitioner has previously sought federal habeas relief on two occassions. His first habeas petition was denied for lack of merit. *Harris v. McQuiggin*, No. 2:08-cv-198, 2011 WL 4560071 (W.D. Mich. June 3, 2011) (Edgar, J.). His second habeas petition was transferred to the Sixth Circuit, where his application for permission to file a successive petition was denied. *In re Harris*, No. 13-1133 (6th Cir. May 29, 2013).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. See 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *Sims v. Terbush,* 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall

transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The instant case is Petitioner's third attempt to obtain federal habeas relief with respect to his state court convictions. Petitioner cannot proceed with this successive petition, however, without first acquiring permission to file it from the court of appeals. Accordingly, the Clerk of the Court shall transfer this case to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether this Court may consider Petitioner's habeas corpus claims.

## II. Order

It is **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/Arthur J. Tarnow
Honorable Arthur J. Tarnow
United States District Judge

Dated: December 28, 2016